**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**MARIA B. PALACIOS,**

      Plaintiff,

vs.                                                                    Civ. No. 04-547 ACT

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Reverse or Remand the Administrative Agency Decision filed November 8, 2004. Docket No. 12. The Commissioner of Social Security issued a final decision denying benefits finding that Plaintiff was not disabled. Having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, the Court finds that the Motion is well taken in part.

**I. PROCEDURAL RECORD**

Plaintiff, Maria B. Palacios, applied for Supplemental Security Income benefits and Social Security disability insurance benefits on July 15, 1997. Plaintiff alleged she became disabled on June 30, 1997 due to mental health problems and a sleep disorder. Tr. 72 and 89-91. The Administrative Law Judge ("ALJ") issued the first administrative decision finding at step 5 that Plaintiff was not disabled. Tr. 14-18. On May 21, 2001, Plaintiff appealed this decision to the United States District Court. Palacios v. Barnhart, Civ. No. 01-577 JP/WWD. On July 26, 2002, the District Judge adopted the Magistrate Judge's Proposed Findings and Recommended Disposition and remanded for

1

additional proceedings. Tr. 388. On remand, the ALJ found that Plaintiff had a residual functional capacity ("RFC") for "simple light work activities which involve no contact with the public, and which are performed in a solitary environment without the presence of supervisors or coworkers." Tr. at 376. At step 4, the ALJ found that Plaintiff was able to perform her past relevant work as a telemarketer. Tr. 378. The ALJ also denied Plaintiff benefits at step 5, finding that there were other occupations in significant numbers that she was above to perform. Id. The Appeals Council denied Plaintiff's request for review. Tr. 360. The Plaintiff subsequently filed her Complaint for review of the ALJ's decision on May 17, 2004.

Plaintiff was born on May 13, 1958. Tr. 89. She has a college degree and past relevant work experience as a telemarketer. Tr. 387.

## II. STANDARD OF REVIEW

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether she applied correct legal standards. See Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992); Glenn v. Shalala, 21 F.3d 983 (10th Cir. 1994). To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept it as adequate to support a conclusion; it must be more than a mere scintilla, but it need not be a preponderance. Trimiar v. Sullivan, 966 F.2d 1326, 1329 (10th Cir. 1992); Sisco v. United States Dep't. of Health & Human Servs., 10 F.3d 739, 741 (1993). A decision of an ALJ is not supported by substantial evidence if other evidence in the record overwhelms the evidence supporting the decision. See Gossett v. Bowen, 862 F.2d 802, 805 (10th Cir. 1988).

In order to qualify for disability insurance benefits, a clamant must establish a severe physical

or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity.  See 42 U.S.C. §423(d)(1)(A); see also Thompson, 987 F.2d at 1486.  The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications.  20 C.F.R. § 404.1520(a-f).  The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled.  See Thompson, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show she is not engaged in substantial gainful employment, she has an impairment or combination of impairments severe enough to limit her ability to do basic work activities, her impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or she is unable to perform work she had done in the past.  20 C.F.R. §§ 404.1520 and 416.920.  At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering her residual functional capacity, age, education, and prior work experience. Id.

### III.  MEDICAL HISTORY

Plaintiff's primary alleged impairment is her mental condition.  She alleges that she has severe panic attacks and post traumatic stress syndrome as a result of fires, the first of which occurred at her apartment in 1991 and the second on June 30, 1997 which is the date of her alleged disability. In 1991 Plaintiff was involved in a "firestorm" and was afraid for her life.  Tr. 284.  After this incident, she suffered from anxiety which resolved in the following two to three years.  Id.  However, when she saw a large fire in downtown Albuquerque from the highway, she experienced a recurrence of the anxiety and depression.  Id.  The record reflects that she has been treated for panic attacks and

posttraumatic stress disorder since 1991 and most recently at the UNM Mental Health Center from December 5, 1995 to September 14, 1998. She has a past history of drug abuse. However, she underwent detoxification successfully Tr. 40-41 and 218. Plaintiff has complaints of physical problems, back pain and muscle spasms, but has not been diagnosed with a specific orthopedic condition and has not required treatment for such a condition. She is obese and has sleep apnea. Her sleep apnea has been treated effectively with a nasal CPAP. Tr. 182. No physician has indicated she has any functional impairments associated with her obesity.

## IV. DISCUSSION

Plaintiff asserts that the ALJ erred: 1) in not considering that Plaintiff received general assistance from the State of New Mexico and; 2) failing to accurately incorporate his RFC finding into his hypothetical questions to the vocational expert ("VE").

General assistance from the State of New Mexico.

In the Order to remand of July 26, 2002, the Court ordered the ALJ to, *inter alia*, consider "any disability determination made by the agency that provided general assistance benefits to Plaintiff..." Tr. 388. The Secretary is required to consider another agency's disability determination; however, the other agency's determination is not binding. Baca v. Department of Health & Human Services, 5 F.3d 476, 480 (10th Cir. 1993). On remand, the ALJ made the following finding.

> I am aware that the claimant has qualified for an award of general assistance benefits. However, a finding of disability by another governmental agency is not binding on the Social Security Administration. See Baca v. Dept. of Health and Human Services, 5 F.3d 476, 480 (10th Cir. 1993); Eason v. Chater, 951 F. Supp. 1556, 1562 (D.N.M. 1996). Moreover, the purpose of general assistance is to provide help to those who are not eligible for Social Security disability benefits. The rules for determining such eligibility are more stringent than the standards for general assistance. For instance, general assistance may be awarded for periods of less than 12 months. Given the differences of the two programs, I find the fact of the claimant's award of general assistance to be of little help to me in my assessment of the claimant's residual functional capacity under the standards of the Social


>Security Act, and it is therefore accorded little weight here.
>Tr. 377.

Clearly, the ALJ considered the State of New Mexico's finding of disability. Further, contrary to Plaintiff's assertion, the ALJ did not find that Plaintiff was awarded benefits under the temporary total disability requirements. Rather the ALJ was noting a difference in the State of New Mexico's General Assistance Disability requirements and the Social Security requirements.[1] The Court finds that the ALJ sufficiently considered the State of New Mexico's finding of disability and stated his reasons for according this finding "little weight."

<u>Hypothetical questions to vocational expert.</u>

The questions asked by the ALJ to the VE were not appropriate because they did not accurately reflect the state of the record. Hypothetical questions must reflect with precision all of the Plaintiff's impairments that are substantially supported by the record. <u>Taylor v. Chater</u>, 118 F.3d 1274, 1278-79 (8th Cir. 1997); <u>Decker v. Chater</u>, 86 F.3d 953, 955 (10th Cir. 1996).

The ALJ found that Plaintiff was able to perform her past relevant work as a telemarketer. The ALJ specifically found that the Plaintiff "retains a residual functional capacity which supports simple light work activities which involve no contact with the public, and which are performed in a solitary work environment without the presence of supervisors or coworkers." Tr. 376. In reviewing the hypotheticals posed to vocational expert, it is clear that the ALJ did not include his finding regarding Plaintiff's RFC. Tr. 597-608.

In formulating his third hypothetical to the VE, the ALJ states that the prior hypotheticals

---

[1] The record reflects that the ALJ was provided with a written definition of the General Assistance Disability requirements after the hearing on March 4, 2003. Tr. 370.

were "not much help to anybody." Tr. 598. In his third hypothetical he asked the VE to assume Plaintiff is capable of light work with "moderate limitations in people areas...moderate limitations interacting with the general public...moderate in getting along with and working with coworkers, and moderate with supervisors, both accepting instructions and criticism." Id. The VE testified that with these limitations, Plaintiff could still work as a telemarketer. In his fourth hypothetical to the VE, the ALJ came close to asking an accurate hypothetical but failed by asking the VE to assume "[n]ot (sic) continuous supervision." Tr. 600. The VE testified that Plaintiff could work as a telemarketer, file clerk, advertising material distributor and housekeeper. Tr. 600, 601. Again, the ALJ asked the VE to assume "[n]o continuous supervision" and "[e]ither no coworkers or very limited coworkers." Tr. 606. The ALJ's RFC finding specifically stated that Plaintiff would have to work "without the presence of supervisors or coworkers." Tr. 376. Thus, the ALJ erred in not including in his hypotheticals the limitations he found in Plaintiff's RFC. As the ALJ relied on the testimony of the VE in finding that Plaintiff was not disabled, this error requires a limited remand.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reverse or Remand Administrative Decision is granted for proceedings consistent with this memorandum opinion and order.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**